UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BAY VENTURE ELYRIA, LLC, | ) | CASE NO.  1:12-CV-2866 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| ADVANCED PLASTICS | ) | |
| RECLAIMING, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's motion for partial summary judgment on damages (Doc. No. 42). Defendants have filed an opposition to the motion (Doc. No. 43), plaintiff has replied (Doc. No. 45), and defendants have filed a sur-reply (Doc. No. 47). The matter is fully briefed and ripe for resolution.[1]

### I. BACKGROUND

The details surrounding the present litigation have been fully set forth in the Court's December 13, 2013 memorandum opinion resolving plaintiff's motion for summary judgment on liability and will not be repeated here. (Doc. No. 37 [sealed].) Nonetheless, to place the present motion in the proper context, the Court shall briefly touch upon certain salient facts.

---

[1] Defendants' motion for leave to file a sur-reply (Doc. No. 46) is GRANTED.

In connection with the settlement of certain disputes between the parties, defendant Advanced Plastics Reclaiming, LLC ("APR") executed a promissory note ("the Note") payable to plaintiff Bay Venture Elyria, LLC ("BVE") in the amount of $2,255,705.33. (Doc. No. 29-7.) The Note provided for acceleration of the outstanding balance when an "Event of Default" occurred. According to the Note, one such "event" would occur when the holder possessed a good faith belief that the prospect of repayment had become impaired. (*Id*. at 454.)[2] The Note further sets forth BVE's right to recover interest on the outstanding balance—at 3.0% per annum compounded annually, barring no default, and at 5.0%, following a default. (*Id*. at 453.) Additionally, the Note allowed BVE, as holder, to recover attorney's fees of 15.0% of the outstanding principal should legal action be necessary to collect on the Note. (*Id*. at 454.) To secure the Note, the parties entered into a Limited Recourse Guaranty and Security Agreement ("the Guaranty"). (Doc. No. 29-8.) Defendants Stephen Paspek ("Paspek") and Broadview Group, LLC ("Broadview") signed the Guaranty, and both guaranteed the payment of the Note at any such time that it came due. (*Id*. at 456.) Broadview and Paspek also agreed to pay all attorney's fees and costs associated with collecting on the Note. (*Id*.)

In August 2010, BVE sent notice that certain events—central to plaintiff's motion for summary judgment on liability, but not germane to the present motion—had caused BVE to believe that the debt had become impaired. Utilizing the acceleration clause, BVE ultimately demanded immediate payment on the Note. When payment was

---

[2] All page numbers are to the page identification number generated by the Court's electronic docketing system.

2

not forthcoming, plaintiff filed the present action. In its complaint—filed November 16, 2012—BVE brought claims for breach of contract, breach of warranty, and fraud. (Doc. No. 1, Compl.)

On February 22, 2013, plaintiff moved for partial judgment on the pleadings on its contract and warranty claims. (Doc. No. 19.) After notice to the parties, the Court converted the motion to one for summary judgment. (Minute Entry, dated June 25, 2013.) The Court granted the motion, finding that plaintiff was entitled to judgment in its favor. In so ruling, the Court determined that plaintiff had properly accelerated the Note's due date upon its substantiated good faith belief that the likelihood of payment on the Note had been compromised, and that BVE was entitled to recover on the outstanding balance of the Note. (Mem. Op. at 638.) The Court further ruled that plaintiff was entitled to enforce the Guaranty against Broadview and Papsek. (*Id*. at 645.)

The memorandum opinion directed plaintiff to propose a judgment entry, "setting forth precisely what plaintiff believes it is entitled to consistent with the Court's ruling on its summary judgment motion." (*Id*. at 646.) On January 8, 2014, plaintiff filed a proposed partial judgment entry, providing for judgment in plaintiff's favor on the amount of the Note ($2,255,705.33) and also dismissing the fraud claim without prejudice. (Doc. No. 41, Notice of Filing Proposed Partial Judgment; Doc. No. 41-1, Proposed Partial Judgment.) On February 11, 2014, plaintiff filed the present summary judgment motion on damages. As previously discussed, the motion seeks prejudgment and postjudgment interest, attorney's fees, and costs.

3

## II. STANDARD OF REVIEW AND GOVERNING LAW

Under Fed. R. Civ. P. 56(a), when a motion for summary judgment is properly made and supported, it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

An opposing party may not rely merely on allegations or denials in its own pleading; rather, by affidavits or by materials in the record, the opposing party must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1). Affidavits or declarations filed in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n*, 909 F.2d 941, 943-44 (6th Cir. 1990), *impliedly overruled on other grounds by Salve Regina College v.*

4

*Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established that create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

Both the Note and the Guaranty provide that any disputes as to the legality or enforceability of these documents are to be decided on the basis of New York law. (Note at 454; Guaranty at 458.) Thus, as was the case with plaintiff's summary judgment

5

motion on liability, New York law governs the Court's consideration of issues of substantive law.

### III. DISCUSSION

Plaintiff's pending motion is limited to a request for interest, attorney's fees, and costs. In support, plaintiff cites New York law applicable to such damages, and, with respect to its request for prejudgment interest, offers the declaration of a public accountant containing a calculation of accrued interest through January 24, 2014. (Doc. No. 42-2, Decl. of Diana K. Williams.) While they do not take issue with plaintiff's methodology for arriving at its calculations of interest, fees, and costs (*see* Opp. at 706), defendants challenge plaintiff's position that it is entitled to collect on the face value of the Note without any reduction for collateral that plaintiff had already taken into its possession. Defendants further posit that there are questions of fact as to whether plaintiff satisfied its obligation to dispose of the collateral in a reasonably commercial manner. Plaintiff insists that defendants have waived the right to assert the issue of setoff at this stage in the litigation and argue that final judgment as a matter of law can be entered in its favor on the negotiable instruments.

### A. *Defendants' Right to Assert Setoff*

Defendants argue, for the first time, that they are entitled to a setoff against the balance on the Note for the value of any collateral plaintiff already has (or had) in its possession. It is undisputed that defendants did not raise setoff as an affirmative defense or counterclaim in their answer, nor did they seek to amend their answer to raise it. It is also beyond dispute that defendants did not raise the issue of setoff

6

in opposition to plaintiff's summary judgment motion on liability on the Note. While acknowledging the "general rule" that affirmative defenses and counterclaims are waived if not specifically pleaded, defendants nonetheless maintain that the rule is not absolute and that it should come as no surprise to plaintiff that they are raising the issue—even at this late juncture.

"As a general rule, failure to plead an affirmative defense results in a waiver of that defense." *Old Line Life Ins. Co. of Am. v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005) (citation omitted); *see Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004) ("A response to a pleading must set forth any matter constituting an affirmative defense.") (citing Fed. R. Civ. P. 8(c)). Defendants are correct in noting, however, that the rule is not absolute. *Garcia*, 418 F.3d at 550 (citations omitted); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993). In considering whether to permit a previously unpleaded affirmative defense, courts may consider the defendant's excuse for failing to timely plead the affirmative defense and the potential prejudice to the opposing party. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) ("[I]n the post-judgment context, [the Court] must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment.").

Claims of setoff are affirmative defenses and are subject to the same rule that a party asserting them must generally raise them in an answer or other responsive pleading. *Gen. Electric Co. v. S & S Sales Co.*, No. 1:11CV00, 2013 WL 174559, at *3 (N.D. Ohio Jan. 16, 2013) (citing *First Nat'l Bank of Louisville v. Hurricane Elkhorn*

*Coal Corp. II*, 763 F.3d 188, 190 (6th Cir. 1985)). Further, under both New York and Ohio law, setoff is not a matter of right, but, rather, the "discretion . . . to order [a] setoff lies with the district court." *See Lewis v. United Joint Venture*, 691 F.3d 835, 841 (6th Cir. 2012) (citing, among authorities, *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010)); *Pisane v. Feig*, 970 N.Y.S.2d 363, 366 (N.Y. Sup. Ct. 2013) ("'relief in equity by setting off one judgment against another is granted, not of right, but in the exercise of discretion'") (quoting *Beecher v. Vogt Mfg. Co.*, 125 N.E. 831, 833 (N.Y. 1920)) (further citation omitted).

The Court shall not, in the exercise of its discretion, permit defendants to assert a right of setoff at this late stage in the proceedings. Defendants offer absolutely no excuse for their failure to timely plead, or even timely raise, their right to setoff. Discovery had been closed for more than nine (9) months when defendants raised the issue for the first time in their response brief. Moreover, the parties have already been afforded a full and fair opportunity to address the issue of plaintiff's right to recover on the total unpaid balance of the Note on summary judgment. Having considered and resolved the issue, the Court finds that the balance of equities favors not revisiting it now. In reaching this conclusion, the Court notes that to rule otherwise would require the reopening of discovery to permit defendants to explore a variety of issues including the

issue of whether plaintiff dealt with the collateral in a commercially reasonable manner.[3] It would also necessitate another round of briefing and the re-argument of summary judgment on liability on the Note. The additional delay and resulting expense would most certainly prejudice plaintiff. Under these circumstances, the Court finds that defendants have waived the defense of setoff. *See, e.g., Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818, 824 (6th Cir. 1990) (defendants waived the issue of accord and satisfaction by failing to raise it in a timely fashion); *S & S Sales Co.*, 2013 WL 174559, at *3 (defendants waived affirmative defense of setoff by not pleading it in their answer).

B.  *Plaintiff's Right to Interest*

The Court now turns to plaintiff's specific requests. Plaintiff seeks an award of prejudgment and postjudgment interest. "In diversity cases in [the Sixth Circuit], federal law controls postjudgment interest but state law governs awards of prejudgment interest." *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000) (citing *Clissold v. St. Louis—San Francisco Ry. Co.*, 600 F.2d 35, 39 n.3 (6th Cir. 1979)).

---

[3] The Court acknowledges that, under New York law, the duty of a secured party to dispose of collateral in its possession in a commercially reasonable manner cannot be waived. *Marine Midland Bank v. CMR Indus., Inc.*, 159 A.D.2d 94, 104 (N.Y. App. Div. 1990) (citing U.C.C. 1-102(3)). However, current New York law creates a rebuttable presumption of reasonableness in favor of the lender. *See* N.Y. U.C.C. 9-626(a)(1) cmt. 3. Aside from merely citing the lender's statutory duty, defendants have not demonstrated the existence of genuine issues of material fact that could possibly place *plaintiff's* compliance with the commercially reasonable manner requirement in issue. Of course, defendants are free—where not otherwise barred—to raise this issue at an appropriate time in a separate proceeding. Moreover, the fact that plaintiff has agreed to "stipulate to a reduction of its damages award by $40,000" does not resolve what would be a fact-intensive issue. (Reply at 726.) In their sur-reply, defendants indicate that they do not accept plaintiff's stipulation to the value of the retained collateral. (*See* Sur-Reply at 732.)

### 1. Prejudgment Interest

The Note provided for two interest rates: (1) a pre-default interest rate of 3.0%, and (2) a post-default interest rate of 5.0%. Under New York law, an agreement to pay an increased interest rate on default is not a penalty, but, rather, is treated as compensation for the increased risk of non-collection. *See In re Gas Reclamation, Inc. Sec. Litig.*, 741 F. Supp. 1094, 1098 (S.D.N.Y. 1990) (citing *Citibank, N.A. v. Nyland (CF8) Ltd.*, 878 F.2d 620, 624-25 (2d Cir. 1989)) (further citation omitted). Plaintiff represents that the date of default was April 6, 2012, the date by which this Court determined that plaintiff was entitled to accelerate the payment of the Note. Defendants concede that, consistent with the Court's December 13, 2013 ruling, this is the proper date for determining when the post-default enhanced interest rate became effective. (Opp. at 706.) Likewise, defendants do not contest plaintiff's accountant's calculation of prejudgment interest through January 24, 2014 as $457,126.31. (*See* Williams Decl. ¶ 7.) The Court finds that plaintiff has established its right to prejudgment interest at the rates set forth in the Note.

### 2. Postjudgment Interest

Plaintiff also seeks postjudgment interest "at the applicable amount until the judgment is paid in full[.]" (Mot. at 686.) Plaintiff does not suggest what "the applicable amount" would be, leaving the Court to fill in the proverbial blank.

"By federal statute, postjudgment interest is allowed on all money judgments." *Hoover v. Provident Life and Accident Ins. Co.*, 290 F.3d 801, 810 (6th Cir. 2002) (citing 28 U.S.C. § 1961). Section 1961 provides for postjudgment interest at the

rate specified in the statute. 28 U.S.C. § 1961(a). While the Sixth Circuit has not squarely addressed the question of whether parties can contract around the statutory rate, most courts that have addressed the question have concluded that parties may agree to a different postjudgment rate. *See Huntsville Golf Dev., Inc. v. Brindley Constr. Co., Inc.*, No. 1-08-00006, 2011 WL 4960421, at *15 (M.D. Tenn. Oct. 18, 2011) (collecting cases); *Jack Henry & Assoc., Inc. v. BSC, Inc.*, 753 F. Supp. 2d 665, 667-68 (E.D. Ky. 2010) (collecting cases), *aff'd*, 687 F. App'x 246 (6th Cir. 2012). The question the Court must answer is whether the parties agreed to a different postjudgment interest rate.

In *Jack Henry*, the court had before it a promissory note that provided for an 18% interest rate for all amounts past due. Noting that, "under federal law, once a claim is reduced to judgment, the original claim is extinguished and merged into the judgment," the court determined that "parties must explicitly state that they are agreeing to a postjudgment interest rate." *Jack Henry*, 753 F. Supp. 2d at 670 (citations omitted). Applying this principle, the court concluded that the language in the note did "not constitute an agreement on postjudgment interest sufficient to displace the interest rate specified in § 1961[,]" *id.*, as the agreement "did not clearly and unambiguously establish a postjudgment interest rate." *Id.* at 671.

The Note at issue in this case provides that, in the event of default, the unpaid amount shall be subject to "interest at a per annum rate equal to five percent (5.0%) per annum compounded annually until payment in full, which interest shall be due and payable from time to time upon demand." (Note at 453.) Yet, the Note makes no reference to judgments and cannot, therefore, be construed as an unequivocal agreement

that such a rate would apply to judgments. *See, e.g., Huntsville Golf Dev., Inc.*, 2011 WL 4960421, at *17 (note providing for interest from the date payment is due at the rate of 12% did not "use clear, unambiguous and unequivocal language to establish the parties' intent for the interest rate to apply post judgment") (citations omitted). The Court concludes that the parties did not, by agreement, contract around the statutory interest rates in § 1961.

Accordingly, the Court finds that plaintiff is entitled to prejudgment interest of $457,126.31 for interest accruing through January 24, 2014, and additional prejudgment interest, at the rate of 5.0% per annum, from January 25, 2014 until final judgment is entered. Plaintiff is entitled to postjudgment interest from the date of judgment until the judgment is satisfied at the statutory rate specified in § 1961. *See* 28 U.S.C. § 1961.

### C. Plaintiff's Right to Attorney's Fees

Plaintiff also seeks attorney's fees incurred in the prosecution of this action. The Note specifically provides that plaintiff is entitled to receive "fifteen percent (15%) of the outstanding principal and earned interest as reasonable attorneys' fees if collected by or through an attorney-at-law." (Note at 454.) "Under New York law, provisions in promissory notes for the payment of attorney's fees are enforceable." *AA1 Recoveries, Inc. v. Pijuan*, 13 F. Supp. 2d 448, 452 (S.D. N.Y. 1998) (citations omitted). While the Note provided for a fixed percentage award of fees, plaintiff has indicated that it is only seeking to recover the actual fees it incurred.

The Court finds that plaintiff is entitled to its reasonable attorney's fees in prosecuting this action. *See, e.g., Marine Midland Bank v. Scallen*, 161 A.D.2d 103, 105-06 (N.Y. App. Div. 1990) (where promissory note provided for award of fees consistent with stated percentage of outstanding balance, award of reasonable fees was appropriate); *Fed. Deposit Ins. v. Forte*, 94 A.D.2d 59, 67 (N.Y. App. Div. 1983) (same). Thus, plaintiff shall file a fee petition, with supporting documentation, demonstrating the reasonableness of its request for attorney's fees.

### D.  *Plaintiff's Right to Costs*

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The rule "raises 'a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court.'" *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp*., 786 F.2d 728, 730 (6th Cir. 1986)). Defendants do not dispute plaintiff's entitlement to costs as the prevailing party. The Court, therefore, awards plaintiff its costs in this action.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is GRANTED, and plaintiff is entitled to recover $2,255,705.33 on the balance of the Note, $457,126.31 in prejudgment interest incurred through January 24, 2014, plus accrued and unpaid prejudgment interest from January 25, 2014 until the date of entry of

final judgment at the rate of 5.0% per annum. Plaintiff is also entitled to postjudgment interest at the statutory rate, reasonable attorney's fees, and costs.

IT IS HEREBY ORDERED that plaintiff shall submit to the Court, by September 17, 2014, a fee petition, along with supporting documentation, setting forth its request for reasonable attorney's fees and costs. Defendants shall submit a response, if any, to plaintiff's petition by September 24, 2014. Plaintiff shall also, by September 17, 2014, submit a proposed final judgment entry for the Court's consideration.

Additionally, Count Three of the complaint is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: September 11, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**